RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0391-MR

ALEXANDER HILL                                       APPELLANT

                    APPEAL FROM BALLARD CIRCUIT COURT
v.            HONORABLE TIMOTHY A. LANGFORD, JUDGE
                         ACTION NO. 21-CR-00107

COMMONWEALTH OF KENTUCKY                          APPELLEE

AND

NO. 2022-CA-0392-MR

ALEXANDER HILL                                       APPELLANT

                    APPEAL FROM BALLARD CIRCUIT COURT
v.            HONORABLE TIMOTHY A. LANGFORD, JUDGE
                         ACTION NO. 21-CR-00108

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING IN PART AND
VACATING IN PART

** ** ** ** **

BEFORE:  EASTON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is a consolidated appeal of two criminal cases where

Appellant, Alexander Hill (Hill), pleaded guilty in the Ballard Circuit Court to two

counts of third-degree assault.  He was sentenced to five years' imprisonment for

each count, probated for a total of ten years.  Hill appeals the court's imposition of

fees and costs.  For the following reason, we affirm the court's final judgment in

part, and vacate in part.

Hill specifically argues that the circuit court erred when it levied the

jail fees against him, and that the final judgment should be corrected.  He requests

palpable error review pursuant to RCr[1] 10.26 as follows:

> A palpable error which affects the
> substantial rights of a party may be considered by
> the court on motion for a new trial or by an
> appellate court on appeal, even though
> insufficiently raised or preserved for review, and
> appropriate relief may be granted upon a
> determination that manifest injustice has resulted
> from the error.
>
> . . . .

---

[1]  Kentucky Rules of Criminal Procedure.

-2-

> For an error to rise to the level of palpable, it must be easily perceptible, plain, obvious and readily noticeable. Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation marks and citations omitted). With this standard in mind, we turn to the record at issue here.

The circuit court's order imposing jail reimbursement fees stated that "Ballard County had adopted a jail fee ordinance pursuant to applicable statute" and that the applicable fees were $22.00 per day prior to July 1, 2021, and $30.00 per day after July 1, 2021. However, there is a discrepancy between the fee rates used in the court's separate order assessing jail fees, and those used in the final judgment. The Commonwealth relies on the former, which assessed jail fees totaling $5,028.00. Hill relies on the latter, which assessed jail fees at $5,274.00.[2] However, both parties agree that Hill was also ordered to pay $185.00 in court costs and $25.00 in other fees, in each of his two cases. We will first address the jail fees, and then court costs.

---

[2] Even this sum is unclear given that the daily rate is hand-written. It was to be repaid at a rate of $50.00 per month.

KRS[3] 441.265(1)(a) provides that a prisoner in a county jail "shall be required . . . to reimburse the county for expenses incurred by reason of the prisoner's confinement . . . ." To facilitate the assessment of such fees, the county jailer "may adopt, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy . . . ." KRS 441.265(2)(a). However, our Supreme Court has reiterated and emphasized that "in order to impose jail fees against a criminal defendant during sentencing, there must be some evidence presented that a jail fee reimbursement policy has been adopted by the county [jailor] with approval of the country's governing body in accordance with KRS 441. 265(2)(a)." *Capstraw v. Commonwealth*, 641 S.W.3d 148, 161-62 (Ky. 2022) (footnote omitted). In the absence of such evidence, the Court concluded that "the portion of the judgment whereby jail fees are imposed against him is hereby vacated." *Id*. at 162. In addition to *Capstraw*, we have addressed nearly identical issues as follows:

> [T]he Kentucky Supreme Court . . . clarified that "since sentencing is jurisdictional it cannot be waived by failure to object. Thus, sentencing issues may be raised for the first time on appeal[.]" *Capstraw v. Commonwealth*, 641 S.W.3d 148, 161 (Ky. 2022) (quoting *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010)). In *Capstraw* – contrary to the Commonwealth's assertions – the Kentucky Supreme Court found error where a circuit court imposed jail fees, the defendant failed to preserve

---

[3] Kentucky Revised Statutes.

the issue, and the defendant requested palpable error review. *Id.* at 161-62. As we have an identical situation before us, we will follow the relevant precedent, *i.e.*, *Capstraw*.

*Daniels v. Commonwealth*, No. 2022-CA-0212-MR, 2022 WL 17724283, at *2

(Ky. App. Dec. 16, 2022); and

Campbell correctly asserts that the trial court failed to make any finding that the jailer adopted, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy under KRS 441.265(2)(a). In the absence of such a finding, the trial court improperly imposed jail fees on Campbell.

*Campbell v. Commonwealth*, No. 2020-CA-0690-MR, 2021 WL 1051590, at *5

(Ky. App. Mar. 19, 2021), *disc. review denied* (Aug. 18, 2021).

Similarly, the record cited herein does not indicate that Ballard County established a jail fee reimbursement policy pursuant to statute, or that such a policy was presented to the circuit court when considering sentencing. *See also Alderson v. Commonwealth*, No. 2022-SC-0071-MR, 2023 WL 4037704, at *15 (Ky. Jun. 15, 2023) (observing that evidence could be "as simple as the Commonwealth Attorney providing a copy of the relevant ordinances"). Therefore, the imposition of jail fees resulted in palpable error, and the order of the Ballard Circuit Court imposing jail fees is VACATED.

Hill also asserts that the circuit court committed a clerical error by assessing $185.00 in court costs, and that the correct amount permitted under KRS

23A *et seq.* is $165.00.  As a remedy, Hill states that "RCr 10.10 gives this Court authority to order the trial court to enter an amended final judgment which reflects the correct court costs of $165, not $185."  In response, the Commonwealth cites *Spicer v. Commonwealth*:

> The assessment of court costs in a judgment fixing sentencing is illegal *only* if it orders a person adjudged to be poor to pay costs.  Thus, while an appellate court may reverse court costs on appeal to rectify an illegal sentence, we will not go so far as to remand a facially-valid sentence to determine if there was in fact error.

442 S.W.3d 26, 35 (Ky. 2014) (internal quotation marks omitted).  We cannot conclude that the assessment of $185.00 in court costs was erroneous, and certainly not palpably erroneous.  Therefore, the order of Ballard Circuit Court imposing court costs AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky